831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Robert H. HASS.
 Appeal No. 87-1215
 United States Court of Appeals, Federal Circuit.
 September 24, 1987.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences (Board), Appeal No. 633-82, affirming the examiner's rejection of claims 83 to 86 and 88 to 93 and reversing the examiner's rejection of all other claims of Application Serial No. 406, 252. We vacate the Board's decision and remand for further proceedings.
 
 OPINION
 
 2
 The Board affirmed the rejection of claims 83 to 86 and 88 to 93 under the doctrine of double patenting of the obviousness type over Hass' U.S. Patent No. 4,222,991 ('991). The Board, applying a degree of overlap test, determined that claim 83, which requires only that a 'substantial portion' of the sulfur dioxide be converted to hydrogen sulfide, could reasonably be interpreted to read on the amount of hydrogen sulfide included within the claims of the '991 patent.
 
 
 3
 Degree of overlap is considered in a 35 U.S.C. Sec. 101 (1982) same invention double patenting rejection. In re Longi, 759 F.2d 887, 893, 225 USPQ 645, 649 (Fed. Cir. 1985). In an obviousness type double patenting rejection, degree of overlap is not a significant factor. Id. The appropriate test in this latter rejection is whether the claims 'in the application define merely an obvious variation of an invention disclosed and claimed in the patent.' In re Vogel, 422 F.2d 438, 441, 164 USPQ 619, 622 (CCPA 1970).
 
 
 4
 In support of its decision to reject these claims for obviousness type double patenting, the Board did not discuss in what way the appealed claims are obvious, merely citing In re Schneller, 397 F.2d 350, 158 USPQ 210 (CCPA 1968) and In re Thorington, 418 F.2d 528, 163 USPQ 644 (CCPA 1969), cert. denied, 397 U.S. 1038 (1970) in supprt thereof. The determination that the appealed claims 'read on' the claims of the '991 patent is not appropriate for an obviousness rejection. The obvious variant test requires, and simple logic dictates, that before rejecting a claim for obviousness, obviousness must be considered.
 
 
 5
 If the Board intended to reject the claims for same invention double patenting, then it was in error to label the rejection as obviousness type double patenting. If its conclusion was that the examiner was correct in making an obviousness type double patenting rejection, then its analysis was faulty. Hence, the Board's decision is vacated and remanded.